## MÁRQUEZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from the decision of the Registrar of Property of Mayagüez.

No. 6.—Decided June 30, 1906.

TAXES—SALE AT PUBLIC AUCTION—CANCELLATION OF ENCUMBRANCES.—Taxes on real estate constitute a preferred lien thereon and the purchaser of a property sold for taxes at public auction is entitled to receive the same free from encumbrances, and the registrar must cancel all subsequent encumbrances thereon appearing in the registry of property.

ID.—CERTIFICATES OF SALE—TITLE TO EFFECT CANCELLATION OF ENCUMBRANCES—AUTHENTIC RECORDABLE DOCUMENTS.—In order to effect the cancellation of encumbrances on property sold for taxes at public auction the certificate issued by deputy collectors of taxes with the formalities required by law is sufficient, such officials being the duly authorized agents of the Government for that purpose, and such a certificate, therefore, constitutes an authentic recordable document according to the provisions of article 3 of the Mortgage Law.

ID.—RIGHT EXTINGUISHED BY PROVISION OF LAW.—This doctrine is not in opposition to the provisions of the first paragraph of article 82 of the Mortgage Law inasmuch as said article, in its second paragraph, provides that the records and entries referred to therein may be cancelled without the requisites required by the first paragraph *where the right recorded is extinguished by the provisions of law,* or when it so appears from the instrument recorded, and a property sold for taxes comes within the first case mentioned in consonance with the provisions of article 125 of the said law, and in such cases the judicial order referred to by article 126 is deemed to be supplied by the certificate of sale issued by the subcollector of internal revenue.

The facts are stated in the opinion.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Miguel Márquez from a decision

of the Acting Registrar of Property of Mayagüez refusing to cancel certain encumbrances.

Miguel Márquez bought 75 *cuerdas* of land sold at public auction as the property of Antolin Quevedo y Jesús, by the deputy collector of internal revenues of Las Marías, in compulsory proceedings instituted against him for the recovery of $627.36 for arrears of taxes. He presented a petition to the Registrar of Property of Mayagüez for the cancellations of the encumbrances upon said land, to which petition was attached a certificate of the sale of the lands issued to him by the deputy collector of Las Marías, and a copy of a letter addressed to the Treasurer of Porto Rico by Hon. Frank Feuille, Attorney General, dated December 4 last, in which he states in reply to his communication of the 1st of said month of December, that he had the honor to inform him that the certificate of purchase describing certain property sold at public sale, for nonpayment of taxes, carried with it any title which the previous owner might have had, free from encumbrances. The registrar denied the cancellation asked for on the grounds set forth in the decision which he wrote on the back of the petition, which decision reads as follows:

"The cancellation requested in the foregoing document on the strength of others accompanying the same, is denied, because of the defect that none of the documents presented in support thereof are of those comprised in articles 3 and 82 of the Mortgage Law, the cautionary notice prescribed by law being made in lieu thereof, at folio 154, reverse side, of volume 19 of Las Marías, estate No. 339, quadruplicate, record letter A, to have legal effect for 120 days from this date.—Mayagüez, P. R., April 27, 1906."

Miguel Márquez took an appeal from this decision in due time, seeking the reversal thereof and praying that the registrar be ordered to make the cancellation requested.

The public sale of the lands in question having been made for the payment of the taxes thereon which their owner owed, and such taxes constituting a first lien on the property affected, as provided by section 315 of the Political Code,

the purchaser is entitled to delivery of the lands thus acquired, free from encumbrances, for which purpose the registrar must cancel subsequent encumbrances, as provided by article 125 of the Mortgage Law. The document presented by the appellant is sufficient authority for this purpose, inasmuch as it is a certificate issued by the deputy collector of taxes with the formalities required by the internal revenue law, he being an agent of the Government, duly constituted and authorized to issue the same, and said certificate consequently is an authentic recordable document comprised under the provisions of article 3 of the Mortgage Law.

Although the first part of article 82 of said law provides that "the records or cautionary notices made by virtue of a public document cannot be cancelled except by a final decree from which there is no appeal in cassation pending, or by any other authentic instrument or document, in which the person in whose favor the record or entry has been made, or his legal representative or attorney signifies his consent to the cancellation," the second paragraph thereof provides that "notwithstanding the provisions of the preceding paragraph, the records of entries referred to therein may be cancelled without the requisites mentioned, when the interest recorded is extinguished by a declaration law, or as a result of the recorded deed itself." The present case is covered exactly by the first one hereinbefore mentioned, inasmuch as according to the provisions of article 125 of the Mortgage Law, "in the case of one or several estates being encumbered by mortgage debts or various creditors, and they are sold or awarded for the payment of the first creditor in such manner that the value of what is sold or awarded does not equal or exceed the mortgage debt which is liquidated, the remaining debts shall be, by act and right, considered cancelled, and will therefore be cancelled in the registry after the proper order of the court for the sale or award, and the reasons therefor are filed referring to the instrument which created the solvency of the preferred

debt, all subsequent records of annuities (*censos*) or mortgages and records of attachments made subsequently, thus leaving the estate or estates which have been conveyed or awarded free from all encumbrances," and inasmuch as a sale made under judicial proceedings is not involved, but an administrative compulsory proceeding, the judicial order referred to in the article transcribed must be considered to have been substituted by the certificate of purchase issued by the deputy collector of revenues who ordered the sale of the lands, which contains the data necessary to permit of a search for the encumbrances, and their cancellation.

In view of the legal provisions cited, the decision of the Acting Registrar of Property of Mayagüez, giving rise to this appeal, is reversed, and it is ordered that he make the cancellations of the encumbrances on the lands referred to in the certificate of purchase issued by the deputy collector of revenues of Las Marías in favor of the purchaser, Miguel Márquez, in such manner as may be proper and in accordance with the law. The documents presented are ordered to be returned to the registrar with a copy of this decision, for his information and other proper purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.